UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| OMAR ALI,<br><br>                Plaintiff,<br><br>    -against-<br><br>CITY OF NEW YORK; OFFICER DEFENDANT JOHN DOES #1-3; and OFFICER DEFENDANT JANE DOES #1-3,<br><br>              Defendants. | Civil Action No. 26-cv-00860<br><br><br>**COMPLAINT AND JURY DEMAND** |

## PRELIMINARY STATEMENT

1.      New York City Police Department Officers forced Plaintiff Omar Ali, a practicing Muslim-American, to remove his religious head covering for a booking photograph.  The Defendants' actions violated the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq.* ("RLUIPA") and the First Amendment to the United States Constitution.

2.      This civil rights action seeks damages and declaratory and injunctive relief to (a) compensate Mr. Ali for the emotional damages he suffered; and (b) enjoin Defendants from continuing to use the photograph of Mr. Ali that Defendants procured in violation of his rights.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4.      This case arises under the RLUIPA, 42 U.S.C. § 2000cc *et seq.*, and the First and Fourteenth Amendments to the United States Constitution.

5.      The acts complained of occurred in the Eastern District of New York and venue is lodged in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and/or omissions giving rise to the claims occurred in the District.

## PARTIES

6.      Plaintiff Omar Ali currently resides in Brooklyn, New York.

7.      Defendant City of New York (the "City") is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department (the New York City Police Department or "NYPD"), which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The NYPD is a duly authorized public authority able to perform all functions of a police department under the applicable sections of the New York State Criminal Procedure Law. Defendant City assumes the risks incidental to the maintenance of the NYPD's police force and the employment of police officers.

8.      John Doe Officers #1-3 and Jane Doe Officers #1-3 (collectively the "Officer Defendants") at all times herein mentioned, are and were at all times relevant herein officers, employees, and agents of the New York City Police Department ("NYPD") and the City of New York ("City").  The Officer Defendants, whose actual names and shield numbers Plaintiff has been unable to ascertain notwithstanding reasonable efforts to do so, but who are being sued herein by the fictitious designation "John Doe," and "Jane Doe," were at all times relevant herein officers, employees, and agents of the NYPD.  On the date of the incident, February 13, 2023, they were assigned to precincts within the confines of New York County.  The Officer Defendants are being sued herein in their individual capacities.

## JURY DEMAND

9.      Plaintiff demands a trial by jury in this action.

## FACTUAL ALLEGATIONS

10.      Mr. Ali is a practicing Muslim-American who wears a religious head covering, a kufi (taqiyah), pursuant to his sincerely held religious beliefs.

11. Mr. Ali wears a kufi pursuant to his Muslim faith. The term "kufi" is used throughout this Complaint to refer to a garment worn by many Muslims around the world; it is a domed cap that covers the top and much of the sides of the head and hair but leaves the entire face exposed.

12. For many observant Muslims, the practice of covering entails wearing one's covering at all times, whether at home or in public. Many Muslim men wear head coverings to emulate the Prophet Muhammad. It is widely recognized as a symbol of the Islamic faith.

13. Being forced to remove one's religious head covering in public is a profound defilement of the wearer's sincerely held religious beliefs and a violation of the wearer's religious practice.

14. On February 13, 2023, Mr. Ali arrived at the NYPD's 70th Precinct at 154 Lawrence Avenue Brooklyn, NY 11230. The police arrested him there.

15. The police later transferred Mr. Ali to the 62nd Precinct at 1925 Bath Avenue Brooklyn, NY 11214.

16. When arrested, Mr. Ali was wearing his religious head covering, a kufi (taqiyah), pursuant to his sincerely held religious beliefs.

17. The Officer Defendants ordered Mr. Ali to remove his kufi for a booking photo. Mr. Ali refused, informing one officer that he is a practicing Muslim.

18. Over Mr. Ali's protests, the Officer Defendants informed Mr. Ali that he was legally required to remove his kufi, forcing Mr. Ali to submit to photographs without his religious head covering.

19. Mr. Ali felt exposed and violated as a result of this violation of his freedom to practice his religion.

20.    The NYPD officers forced Mr. Ali to remove his religious head covering for a booking photograph, violating Mr. Ali's sincerely held religious beliefs.

21.    Upon information and belief, booking photographs are integrated into other law enforcement databases, including the NYPD's so-called "Forensic Imaging System," that use sophisticated facial recognition software.  This practice increases the likelihood that images of arrestees without their religious head coverings will be viewed by many people long after the booking photograph is taken.

22.    There was no reasonable basis to require the removal of Mr. Ali's religious head covering for official government photographs.

23.    Mr. Ali was forced to remove his religious head covering against his will.

24.    Upon information and belief, the NYPD maintains at least one photograph of Mr. Ali without his kufi, raising the distressing prospect of the photograph being viewed repeatedly against Mr. Ali's will.

**FIRST CAUSE OF ACTION**
**The Religious Land Use and Institutionalized Persons Act**
**(42 U.S.C. § 2000cc)**

25.    Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

26.    The RLUIPA provides, in relevant part, the following: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that the imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least

4

restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a)(1)-(2).

27.    Plaintiff is a "person" as defined under the RLUIPA. See 42 U.S.C. § 2000cc-1(a) and 42 U.S.C. § 1997(3).

28.    Plaintiff's decision to wear a kufi constitutes a sincerely held religious belief.

29.    At all relevant times, the Defendants met the definition of the term "government" under the RLUIPA. See 42 U.S.C. § 2000cc-5(4)(A)(i)-(iii).

30.    At all relevant times, the locations where the NYPD takes booking photographs, including, but not limited to, the NYPD's 62nd and 70th Precincts, are federally-funded "institutions" as defined under the RLUIPA and the Civil Rights of Institutionalized Persons Act of 1980 ("CRIPA"), 42 U.S.C. § 1997(1)(B)(ii)-(iii).

31.    At all relevant times, Plaintiff was "residing in or confined to institutions" as defined under the RLUIPA when the events alleged above transpired.

32.    Defendants' acts or omissions, policies, and customs substantially burdened Plaintiff's religious exercise by requiring him to remove his religious head covering while in police custody.

33.    Defendants' acts or omissions, policies, and customs do not further a compelling government interest.

34.    Defendants' acts or omissions, policies, and customs are not the least-restrictive means of furthering a compelling government interest.

35.    As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained damages, and has suffered and continues to suffer mental anguish, physical and emotional distress, humiliation, and embarrassment.

## SECOND CAUSE OF ACTION
### Free Exercise Clause
### (42 U.S.C. § 1983)

36.    Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

37.    42 U.S.C. § 1983 prohibits any person acting under color of state law, custom, or usage to deprive a citizen of rights secured by the Constitution.

38.    At all relevant times, Defendants acted under color of state law.

39.    Under the First Amendment to the Constitution, Plaintiff has the right to freely exercise his religion.

40.    By forcing Plaintiff to remove his kufi for the booking photographs, Defendants deprived Plaintiff of his right to freely exercise his religion in contravention of the Free Exercise Clause.

41.    As a direct and proximate result of Defendants' unlawful discriminatory conduct, Plaintiff has sustained damages and has suffered and continues to suffer mental anguish, physical and emotional distress, humiliation, and embarrassment.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

a)  Declaring that Defendants' conduct violated the RLUIPA, 42 U.S.C. § 2000cc *et seq*.; and the Free Exercise Clause of the First Amendment to the United States Constitution;

b)  Enjoining Defendants, Defendants' agents, employees, and successors, and all other persons in active concert or participation with Defendants from storing, maintaining, viewing, or otherwise using the photograph or photographs of Mr.

Ali taken without his religious head covering;

c) Awarding such damages to Plaintiff as will fully compensate him for his loss of rights and emotional distress suffered due to Defendants' unlawful conduct;

d) Awarding punitive damages to Plaintiff;

e) Awarding Plaintiff reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action; and

f) Granting Plaintiff all such other further relief as may be just and proper.

Dated: New York, New York
February 13, 2026

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP

By: _____
O. Andrew F. Wilson
Adam Nasser
One Rockefeller Plaza, 8th Floor
New York, New York 10020
(212) 763-5000

*Attorneys for Plaintiff*

7